Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| ARIZONA PRECIOUS METALS, INC., a Nevada Corporation,<br><br>                              Plaintiff,<br><br>        vs.<br><br>ACCEPT    ERSTE    ROHSTOFF BETEILIGUNGS    KG,    a    German Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL, his wife; BERNHARD PUTTKE and JANE DOE PUTTKE, his wife; KURT SCHALLER and JANE DOE SCHALLER, his wife,<br>                              Defendants. | NO.<br><br>**VERIFIED COMPLAINT**<br><br>(Breach of Contract – Accept)<br>(Breach of Contract – Rauball, Puttke, Schaller)<br>(Alter Ego - Rauball, Puttke, Schaller)<br>(Fraud in the Inducement – All)<br>(Punitive Damages – All)<br><br>**DEMAND FOR TRIAL BY JURY** |

## THE PARTIES, JURISDICTION AND VENUE

1.  Plaintiff ARIZONA PRECIOUS METALS, INC. ("APM") is a Nevada Corporation authorized to and conducting its activities in Maricopa County, State of Arizona.

2.  Defendant ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG ("Accept"), a German Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL are husband and wife and German citizens ("Rauball"); BERNHARD PUTTKE and JANE DOE PUTTKE are

husband and wife and German citizens ("Puttke"), KURT SCHALLER and JANE DOE SCHALLER are husband and wife and German citizens ("Schaller"). Married Defendants committed the acts complained of herein for the benefit of their marital communities and as the agents, employees and *alter egos* of Accept.

3.  The amount of controversy exceeds $75,000.00.

4.  The United States District Court of the State of Arizona has jurisdiction over this matter by virtue of U.S.C. 28-1332 (diversity of citizenship).

5.  Venue is proper pursuant to 28 U.S.C. 1391 for the reason that a substantial part of the acts and omissions complained of herein occurred in the State of Arizona, and the parties previously agreed to venue in this Court.

## BACKGROUND ALLEGATIONS

6.  On August 22, 2006, APM and the Silver King Mining Company of Arizona ("SKM") entered into the APM – SKM Joint Venture Agreement ("APM-SKM JVA") whereby SKM contributed its mining rights to the Silver King Mine along with certain equipment, and APM agreed to provide the financing necessary to commence production.  APM became a 60% interest holder in the Joint Venture, and SKM became a 40% interest holder.

7.  APM's promise to provide the start up capital for the APM-SKM JV was based on the pending Loan Agreement with Accept which was executed effective September 5, 2006 ("Loan Agreement") *See* Exhibit "A" hereto. The Loan Agreement provided for a series of loan payments culminating in a $2M funding to APM.

8.  The Loan Agreement was arranged through Messrs. Schaller, Rauball and Puttke. Messrs. Schaller, Rauball and Puttke independently promised to make the loan, and in exchange for

this promise they received the following contingent interests in APM: Karl-Heinz Rauball, 625,000 shares of APM stock; Bernhard Puttke, 625,000 shares of APM stock; Kurt Schaller, 1,250,000 shares of APM stock. In addition, Messrs. Schaller, Rauball and Puttke each received contingent stock options equal to 20% of their holding.

9.  The Loan Agreement is in default.

10. Messrs'. Schaller's, Rauball's and Puttke's promise to arrange for the loan is in default.

11. Plaintiff, upon information and belief, alleges that Defendants did not have the ability to fund the Loan at the time of the execution of the Loan Agreement pursuant to the terms of the Loan.

12. Between the time of execution of the Loan Agreement and the time of the filing of this Verified Complaint, Accept kept reassuring APM's Dr. Hüning that funding in one form or another would be forthcoming, only to meet with repetitive breach and failure.

13. Plaintiff, upon information and belief, alleges that Defendants did not have the ability to fund the Loan or otherwise fulfill their promises each and every time Defendants assured Plaintiff that the Loan proceeds would be forthcoming.

14. As a direct and proximate result of the actions of Defendants, APM has suffered significant direct and consequential damages, including without limitation lost profits, loss of revenue, and other general damages occasioned by Defendant's breach.

### COUNT ONE
(Breach of Contract – Accept)

15. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

16. Defendant Accept breached the Loan Agreement, causing damage to Plaintiff.

17. Defendant Accept breached the implied warranty of good faith and fair dealing implied in every contract.

18. Plaintiff is entitled to general and special damages, including the loss of business, loss of profits, and loss of income.

19. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Accept as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT TWO
(Breach of Contract – Schaller, Rauball and Puttke)

20. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

21. Defendants Schaller, Rauball and Puttke breached their agreement to find loan funding for Plaintiff.

22. Defendants Schaller, Rauball and Puttke breached the implied warranty of good faith and fair dealing implied in every contract.

23. Plaintiff is to general and special damages, including the loss of business, loss of profits, and loss of income.

24. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Schaller, Rauball and Puttke as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT THREE
(Alter Ego – Schaller, Rauball and Puttke)

25. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

26. Accept is the *alter ego* or a business conduit of Schaller, Rauball and Puttke.

27. To observe the corporate or other separateness of Accept from Schaller, Rauball and Puttke would work an injustice.

28. There is a unity of interest between Accept and Schaller, Rauball and Puttke.

29. The separate personalities of Accept and Schaller, Rauball and Puttke has ceased to exist.

WHEREFORE, Plaintiff prays for Judgment declaring that Schaller, Rauball and Puttke are the alter egos of Accept, and further:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT FOUR
### (All Defendants – Fraud in the Inducement)

30. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

31. Defendants induced Plaintiff to enter into the Loan Agreement having no ability or intent to perform thereunder.

32. Plaintiff justifiably relied on Defendants that the Loan Agreement would be performed pursuant to its terms.

33. Plaintiff has been damaged as a result of the Defendant's fraud in the inducement in an amount to be proven at trial.

34. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT FIVE
### (Punitive Damages – All Defendants)

35. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

36. Plaintiff is entitled to an award of punitive damages under the rationale expressed by the Arizona Appellate Bench, that is, Defendants' wrongful conduct was guided by evil motives

or willful or wanton disregard of the interests of the Plaintiff. Punitive damages should be assessed in this case to punish Defendants and to deter others from engaging in similar misconduct.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For an award of punitive damages sufficient to punish these Defendants and to deter others from engaging in similar misconduct; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

### DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 5th day of April, 2007.

_____
Peter Strojnik
Attorney for Plaintiff

### VERIFICATION

The undersigned, being first duly authorized to do so on behalf of Plaintiff, does hereby affirm under the penalty of perjury that he has read the foregoing and that the foregoing is true and correct to the best of undersigned's knowledge, information and belief.

DATED: 04-05-07            /s/ _____
                           Hans Hüning
                           President and Chairman of the Board

-7-

or willful or wanton disregard of the interests of the Plaintiff. Punitive damages should be assessed in this case to punish Defendants and to deter others from engaging in similar misconduct.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For an award of punitive damages sufficient to punish these Defendants and to deter others from engaging in similar misconduct; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 5th day of April, 2007.

_____
Peter Strojnik
Attorney for Plaintiff

## VERIFICATION

The undersigned, being first duly authorized to do so on behalf of Plaintiff, does hereby affirm under the penalty of perjury that he has read the foregoing and that the foregoing is true and correct to the best of undersigned's knowledge, information and belief.

DATED: 04-05-07

_____
Hans Hüning
President and Chairman of the Board

-7-