Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA PRECIOUS METALS, INC., a Nevada Corporation,<br><br>       Plaintiff,<br><br>vs.<br><br>ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, a German Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL, his wife; BERNHARD PUTTKE and JANE DOE PUTTKE, his wife; KURT SCHALLER and JANE DOE SCHALLER, his wife,<br>       Defendants. | NO.<br><br>**NOTICE OF FILING GERMAN TRANSLATION OF VERIFIED COMPLAINT** |

Please take notice that Plaintiff is filing German Translation of Verified Complaint to comply with the Hague Convention on Foreign Service.

German translation is attached hereto.

RESPECTFULLY submitted this 5th day of April, 2007.

*/s/ Peter Strojnik*
Peter Strojnik
Attorney for Plaintiff

-1-

Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Rechtsanwalt fuer Klaegerin

**UEBERSETZUNG**

# IM BEZIRKSGERICHT DER VEREINIGTEN STAATEN

## FUER DEN BEZIRK ARIZONA

| | |
|---|---|
| ARIZONA PRECIOUS METALS, INC., eine Nevada Gesellschaft,<br><br>Klaegerin<br><br>gegen<br><br>ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, eine deutsche Kommanditgesellschaft; KARL-HEINZ RAUBALL und JANE DOE RAUBALL, seine Frau; BERNHARD PUTTKE und JANE DOE PUTTKE, seine Frau; KURT SCHALLER und JANE DOE SCHALLER, seine Frau,<br><br>Beklagte. | NUMMER;<br><br>**BESTAETIGTE KLAGE**<br><br>(Vertragsbruch – Accept)<br>(Vertragsbruch – Rauball, Puttke, Schaller)<br>(Betaetigung durch - Rauball, Puttke, Schaller)<br>(Eingehungsbetrug – Alle)<br>(Schadensersatz – Alle)<br><br>**ANTRAG AUF GERICHTSVERHANDLUNG** |

**KLAGEPARTEIEN, GERICHTSZUSTAENDIGKEIT UND GERICHTSORT**

1. Die Klaegerin ARIZONA PRECIOUS METALS, INC. ("APM") ist eine Nevada Gesellschaft, die berechtigt ist, im Maricopa Bezirk, im Staate Arizona, ihre Geschaeftstaetigkeiten auszuueben und tatsaechlich durchfuehrt.

2. Die beklagte ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG ("Accept"), ist eine deutsche Kommanditgesellschaft; KARL-HEINZ RAUBALL und JANE DOE RAUBALL

-1-

sind Mann und Frau und deutsche Staatsbuerger ("Rauball"); BERNHARD PUTTKE und JANE DOE PUTTKE sind Mann und Frau und deutsche Staatsbuerger ("Puttke"), KURT SCHALLER und JANE DOE SCHALLER sind Mann und Frau und deutsche Staatsbuerger ("Schaller"). Verheiratete Beklagte haben die Taetigkeiten gemeinsam zum Wohle ihrer ehelichen Gemeinschaft ausgefuehrt und als Vertreter, Angestellte von und fuer Accept gehandelt.

3. Der Betrag der Auseinandersetzung uebersteigt US Dollar 75.000,00

4. Das Bezirksgericht der Vereinigten Staaten fuer den Staat Arizona hat Gerichtszustaendigkeit fuer diese Rechtsangelegenheit aufgrund der Rechtsvorschrift U.S.C. 28-1332 (Verschiedenheit der Staatsbuergerschaften).

5. Der Gerichtsort ist gemaess Rechtsvorschrift 28 U.S.C.1391 aus diesem Grunde richtig, da ein betraechtlicher Teil der Taetigkeiten und Unterlassungen, die beanstandet werden, im Staate Arizona geschehen sind, ausserdem haben die Parteien vorher diesem Gerichtsstand zugestimmt.

### HINTERGRUNDTATBESTAENDE

6. Am 22. August 2006 haben APM und die Silver King Mining Company of Arizona ("SKM") den APM-SKM Joint Venture Vertrag ("APM-SKM JVA") abgeschlossen, in dem SKM seine Bergbau- Minenrechte an der Silver King Mine zusammen mit bestimmten Maschinen und Geraeten eingebracht hat und APM vereinbart hat, die notwendige Finanzierung zum Produktionsbeginn zur Verfuegung zu stellen. APM wurde hierdurch ein 60 % Anteilseigner im Joint Venture und SKM ein 40% Anteilseigner.

7. APM's Zusage, das Startkapital fuer das APM-SKM JV zur Verfuegung zu stellen, basierte

auf dem anhaengigen Darlehensvertrag mit Accept, der mit Datum vom 5. Septemebr 2006 effektiv abgeschlossen wurde ("Darlehnsvertrag"), siehe Anlage "A" hierzu. Der Darlehnsvertrag sah eine Serie von Darlehnszahlungen vor, die zusammen eine $ 2 Millionen Finanzierung fuer APM ausmachten.

8. Der Darlehnsvertrag war durch die Herren Schaller, Rauball and Puttke arrangiert worden. Die Herren Schaller, Rauball and Puttke haben unabhaengig versprochen, das Darlehen zu bewerkstelligen, und im Austausch fuer diese Zusage haben sie die nachfolgenden Anteile in APM erhalten: Karl-Heinz Rauball 625.000 Aktien vom APM Kapital; Bernhard Puttke 625.000 Aktien vom APM Kapital; Kurt Schaller 1.250.000 Aktien vom APM Kapital. Darueberhinaus erhielten die Herren Schaller, Rauball und Puttke jeder ein Kontingent von Aktienoptionen, was 20% ihrer Aktienbeteiligungen entspricht.

9. Der Darlehnsvertrag ist in Verzug..

10. Die Zusage der Herren Schaller, Rauball und Puttke, das Darlehen zu arrangieren, ist in Verzug.

11. Aufgrund von Informationen und eigenen Feststellungen behaupten die Klaegerin, dass die Beklagten zum Zeitpunkt des Vertragsabschlusses nicht die Faehigkeit besassen, das Darlehen entsprechend den Bedingungen des Darlehensvertrages zu begeben.

12. Zwischen dem Zeitpunkt des Abschlusses des Darlehensvertrages und der Einreichung dieser bestaetigten KLage hat Accept APM's Dr. Huening immer wieder versichert, dass die Finanzierung in der einen oder anderen Art und Weise zustande kommen wuerde, jedoch diesem wurde nur mit entsprechendem Bruch und Versaeumnis begegnet.

13. Aufgrund von Informationen und eigenen Feststellungen behaupten die Klaegerin, dass die

Beklagten nicht die Faehigkeit besassen, das Darlehen zu begeben oder sonstwie zu irgendeiner Zeit ihre Versprechungen zu erfuellen, wenn sie der Klaegerin versicherten, dass die Darlehensbetraege ueberwiesen wuerden.

14. Als direktem und unmittelbaren Ergebnis aus den Taetigkeiten der Beklagten hat APM betraechtliche direkte und nachfolgende Schaeden erlitten, dies einschliesslich, jedoch ohne Begrenzung, Gewinnverlusten, Einnahmensverlusten und anderer allgemeiner Schaeden, die durch den Vetragsbruch der Beklagten entstanden sind.

## ANKLAGEPUNKT EINS
(Vertragssbruch – Accept)

15. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

16. Die beklagte Accept hat den Darlehnsvertrag gebrochen, was der Klaegerin Schaden verursacht hat.

17. Die beklagte Accept hat die stillschweigend inbegriffene Garantie des Guten Glaubens und der fairen Geschaeftsabwicklung, die jedem Vertrag innewohnt, gebrochen.

18. Die Klaegerin ist berechtigt, allgemeinen und speziellen Schadensersatz, einschliesslich fuer den Verlust von Geschaeftstaetigkeiten, Gewinnverluste und Einkommensverluste, zu erhalten.

19. Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit diesem Klagepunkt auf der Basis von Rechtsvorschrift ARS § 12-341.01.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen Accept wie folgt:

A. Fuer allgemeine und spezielle Schaeden, wie oben spezifiziert und in einer Betragshoehe,

die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

## ANKLAGPUNKT ZWEI
(Vertragsbruch – Schaller, Rauball and Puttke)

20. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

21. Die beklagten Schaller, Rauball und Puttke haben ihren Vertrag gebrochen, fuer die Klaegerin eine Darlehnsfinanzierung zu finden.

22. Die beklagten Schaller, Rauball und Puttke haben die stillschweigend inbegriffene Garantie des Guten Glaubens und der fairen Geschaeftsabwicklung, die jedem Vertrag innewohnt, gebrochen.

23. Die Klaegerin ist berechtigt, allgemeinen und speziellen Schadensersatz, einschliesslich fuer den Verlust von Geschaeftstaetigkeiten, Gewinnverluste und Einkommensverluste, zu erhalten.

24. Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit diesem Klagepunkt auf der Basis von Rechtsvorschrift ARS § 12-341.01.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen Schaller Rauball und Puttke wie folgt:

C. Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe, die im Gerichtsprozesstermin nachgewiesen wird; und

D. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

### ANKLAGEPUNKT DREI
(Betaetigung fuer Accept– Schaller, Rauball and Puttke)

25. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

26. Accept ist das andere Ich oder ein Geschaeftsbetaetigungsfeld von Schaller, Rauball und Puttke.

27. Die geschaeftsmaessige oder eine andere Trennung von Accept von Schaller, Rauball und Puttke wuerde eine Ungerechtigkeit darstellen.

28. Es besteht eine Interessenseinheit zwischen Accept und Schaller, Rauball und Puttke.

29. Die separaten Personalien von Accept einerseits und Schaller, Rauball und Puttke andererseits haben aufgehoert zu bestehen.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung, die feststellt, dass Schaller, Rauball und Puttke die anderen Ichs von Accept sind, sowie weiterhin:

A   Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe, die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

### ANKLAGEPUNKT VIER
(Alle Beklagten – Eingehungsbetrug)

30. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

31. Die Beklagten veranlassten die Klaegerin, einen Darlehensvertrag abzuschliessen, hatten jedoch keine Moeglichkeit oder Absicht, diesen zu erfuellen.

32. Die Klaegerin vertraute berechtigterweise den Beklagten, dass der Darlehensvertrag entsprechend den Bedingungen erfuellt wuerde.

33. Die Klaegerin wurde als Ergebnis des Eingehungsbetruges der Beklagten in einem Betrag, der im Gerichtsprozess nachgewiesen wird, geschaedigt.

34..Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit diesem Klagepunkt auf der Basis von Rechtsvorschrift ARS § 12-341.01.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen die Beklagten wie folgt:

A. Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe, die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

**ANKLAGEPUNKT FUENF**
(Schadensersatz – alle Beklagten)

35. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

36. Die Klaegerin ist berechtigt, Schadensersatz zugesprochen zu erhalten, und zwar entsprechend der Denkweise, wie sie durch das Arizona Appellate Bench (Arizona Berufungsgremium) ausgedrueckt wurde bei gesetzwidrigem Verhalten, das durch boese Absichten, vorsaetzliche oder fahrlaessige Missachtung der Interessen der Klaegerin herbeigefuehrt wurde. Der Schadensersatz sollte in diesem Falle so festgesetzt werden, dass die Beklagten bestraft werden und andere davon abgehalten werden, sich bei aehnlichem Fehlverhalten zu betaetigen.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen die Beklagten wie folgt:

A. Fuer die Gewaehrung von Schadensersatz, der ausreichend ist, die Beklagten zu bestrafen und andere abzuhalten, sich bei aehnlichem Fehlverhalten zu betaetigen; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

## AUFFORDERUNG ZUM GERICHTSVERFAHREN

Die Klaegerin fordert ein Gerichtsverfahren zu den Angelegenheiten, die durch ein Gericht entschieden werden koennen.

Eingereicht am April 5, 2007.

/signed/
Peter Strojnik
Rechtsanwalt fuer die Klaegerin

## BESTAETIGUNG DER RICHTIGKEIT

Der Unterzeichnete, der von der Klaegerin bevollmaechtigt ist und auch fuer diese handeln kann, bestaetigt hierdurch unter Androhung einer Meineidsstrafe, dass er das Vorhergehende gelesen hat und dass das Vorhergehende wahr und richtig ist, dies nach seinem besten Wissen, seinen besten Informationen und seinem Gewissen.

DATIERT: April 5, 2007         /signed/
Hans Huening, President und Vorsitzender
des Direktoriums