Exhibit "3"

# CERTIFICATE
# ATTESTATION

Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
l'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

1. **dass der Antrag erledigt worden ist *)**
   that the document has been served *)
   que la demande a été exàcutée *)

   - **am** ( Datum ) **10.05.2007** ........................................................................
     the ( date )
     le (date ) ..............................................................................................................

   - in (Ort, Straße, Nummer ) **Heerstraße 24-26, 14052 Berlin**...............................
     at ( place, street, number)
     à (localité, rue, numéro ) ............................................................................................

   - in einer der folgenden Formen nach Artikel 5:
     in one of the following methods authorised by article 5:
     dans une des formes suivantes prèvues à l' article 5:

     **a) in einer der gesetzlichen Formen ( Artikel 5 Absatz 1 Buchstabe a) *).**
     in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention *)
     selon les formes légales (article 5, alinéa premier, lettre a) *)

     b) in der folgenden besonderen Form *): ........................................................
     in accordance with the following particular method *):
     selon la forme particulière suivante *) : .........................................................

     c) durch einfache Übergabe *).
     by delivery to the addressee, who accepted it voluntarily *).
     par remise simple *).

   Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:
   The documents referred to in the request have been delivered to:
   Las documents mentionnés dans la demande ont été remis à:

   - (Name und Stellung der Person )...............................................................
     (identity and description of person)
     (identité et qualité de la personne) .............................................................

   - Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum/Zustellungsempfänger:
     relationship to the addressee (family, business or other):
     liens de parenté, de subordination ou autres, avec le destinataire de l'acte:
   ...................................................................................................................

2. dass der Antrag aus folgenden Gründen nicht erledigt werden konnte *):
   that the document has not been served, by reason of the following facts *):
   que la demande n'a pas été exàcutée, en raison des faits suivants *):

...........................................................................................................................

Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden
Aufstellung im Einzelnen angegeben sind, zu zahlen oder zu erstatten *).
In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the
attached statement *).
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire
ci-joint *).

Anlagen 5
Annexes
Annexes

Zurückgesandte Schriftstücke: Summons, Verified Complaint (in english, german translation) ................................
Documents returned:
Pièces renvoyées: ..............................................................................................................

Gegebenenfalls Erledigungsstücke:
In appropriate cases, the documents establishing the service:
Le cas échéant, les documents justificatifs de l'exécution:
**Zustellungszeugnis**

| | |
|---|---|
| Ausgefertigt in, Berlin, | am **22.05.2007** |
| Amtsgericht Charlottenburg, | the |
| Amtsgerichtsplatz 1, 14057 | le |
| Berlin; 70 AR 211/07 | |
| Done at | |
| Fait à | |

Unterschrift und/oder Stempel.
Signature and/or stamp.
Signature et/ou cachet.

*) Unzutreffendes streichen.
Delete if inappropriate
Rayer les mentions inutiles.

Fiedler Kurowski
Rechtspfleger/in

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ARIZONA_____

Arizona Precious Metals, Inc.

**SUMMONS IN A CIVIL CASE**

V.

Accept Erste Rohstoff Beteiligungs KG et al

CASE NUMBER:   CV07-00707-PHX-MHB

TO: (Name and address of Defendant)

**Karl-Heinz Rauball**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**Peter Strojnik**
Peter Strojnik PC
3030 N Central Ave    Ste 1401
Phoenix, AZ 85012

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

Richard H. Weare
_____
CLERK

s/H. Hand
_____
(By) DEPUTY CLERK

ISSUED ON April 9, 2007 (10:58am)
_____
DATE

1  Peter Strojnik, 6464
   THE LAW FIRM OF PETER STROJNIK
2  3030 North Central Avenue, Suite 1401
   Phoenix, Arizona 85012
3  Telephone: 602-297-3019
   Facsimile: 602-297-3176
4  E-mail: Strojnik@aol.com
   Attorney for Plaintiff
5

6
                IN THE UNITED STATES DISTRICT COURT
7
                    FOR THE DISTRICT OF ARIZONA
8
                                    )
9  ARIZONA PRECIOUS METALS, INC., a )  NO. CV07-00707-PHX-MHB
   Nevada Corporation,              )
10                                  )
                        Plaintiff,  )  VERIFIED COMPLAINT
11                                  )
          vs.                       )  (Breach of Contract – Accept)
12                                  )  (Breach of Contract – Rauball, Puttke, Schaller)
   ACCEPT   ERSTE   ROHSTOFF        )  (Alter Ego - Rauball, Puttke, Schaller)
13 BETEILIGUNGS   KG,   a   German  )  (Fraud in the Inducement – All)
   Partnership; KARL-HEINZ RAUBALL  )  (Punitive Damages – All)
14 and JANE DOE RAUBALL, his wife;  )
   BERNHARD PUTTKE and JANE DOE     )  DEMAND FOR TRIAL BY JURY
15 PUTTKE, his wife; KURT SCHALLER  )
   and JANE DOE SCHALLER, his wife, )
16                                  )
                        Defendants. )
17

18              THE PARTIES, JURISDICTION AND VENUE
19

20 1. Plaintiff ARIZONA PRECIOUS METALS, INC. ("APM") is a Nevada Corporation

21    authorized to and conducting its activities in Maricopa County, State of Arizona.

22 2. Defendant ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG ("Accept"), a German

23    Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL are husband and wife

24    and German citizens ("Rauball"); BERNHARD PUTTKE and JANE DOE PUTTKE are

25

                                    -1-

husband and wife and German citizens ("Puttke"), KURT SCHALLER and JANE DOE

SCHALLER are husband and wife and German citizens ("Schaller"). Married Defendants

committed the acts complained of herein for the benefit of their marital communities and as

the agents, employees and *alter egos* of Accept.

3.  The amount of controversy exceeds $75,000.00.

4.  The United States District Court of the State of Arizona has jurisdiction over this matter by

virtue of U.S.C. 28-1332 (diversity of citizenship).

5.  Venue is proper pursuant to 28 U.S.C. 1391 for the reason that a substantial part of the acts

and omissions complained of herein occurred in the State of Arizona, and the parties

previously agreed to venue in this Court.

## BACKGROUND ALLEGATIONS

6.  On August 22, 2006, APM and the Silver King Mining Company of Arizona ("SKM")

entered into the APM – SKM Joint Venture Agreement ("APM-SKM JVA") whereby SKM

contributed its mining rights to the Silver King Mine along with certain equipment, and

APM agreed to provide the financing necessary to commence production.  APM became a

60% interest holder in the Joint Venture, and SKM became a 40% interest holder.

7.  APM's promise to provide the start up capital for the APM-SKM JV was based on the

pending Loan Agreement with Accept which was executed effective September 5, 2006

("Loan Agreement") *See* Exhibit "A" hereto. The Loan Agreement provided for a series of

loan payments culminating in a $2M funding to APM.

8.  The Loan Agreement was arranged through Messrs. Schaller, Rauball and Puttke. Messrs.

Schaller, Rauball and Puttke independently promised to make the loan, and in exchange for

this promise they received the following contingent interests in APM: Karl-Heinz Rauball, 625,000 shares of APM stock; Bernhard Puttke, 625,000 shares of APM stock; Kurt Schaller, 1,250,000 shares of APM stock. In addition, Messrs. Schaller, Rauball and Puttke each received contingent stock options equal to 20% of their holding.

9. The Loan Agreement is in default.

10. Messrs'. Schaller's, Rauball's and Puttke's promise to arrange for the loan is in default.

11. Plaintiff, upon information and belief, alleges that Defendants did not have the ability to fund the Loan at the time of the execution of the Loan Agreement pursuant to the terms of the Loan.

12. Between the time of execution of the Loan Agreement and the time of the filing of this Verified Complaint, Accept kept reassuring APM's Dr. Hüning that funding in one form or another would be forthcoming, only to meet with repetitive breach and failure.

13. Plaintiff, upon information and belief, alleges that Defendants did not have the ability to fund the Loan or otherwise fulfill their promises each and every time Defendants assured Plaintiff that the Loan proceeds would be forthcoming.

14. As a direct and proximate result of the actions of Defendants, APM has suffered significant direct and consequential damages, including without limitation lost profits, loss of revenue, and other general damages occasioned by Defendant's breach.

### COUNT ONE
(Breach of Contract – Accept)

15. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

16. Defendant Accept breached the Loan Agreement, causing damage to Plaintiff.

17. Defendant Accept breached the implied warranty of good faith and fair dealing implied in every contract.

18. Plaintiff is entitled to general and special damages, including the loss of business, loss of profits, and loss of income.

19. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Accept as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT TWO
(Breach of Contract – Schaller, Rauball and Puttke)

20. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

21. Defendants Schaller, Rauball and Puttke breached their agreement to find loan funding for Plaintiff.

22. Defendants Schaller, Rauball and Puttke breached the implied warranty of good faith and fair dealing implied in every contract.

23. Plaintiff is to general and special damages, including the loss of business, loss of profits, and loss of income.

24. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Schaller, Rauball and Puttke as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT THREE
### (Alter Ego – Schaller, Rauball and Puttke)

25. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

26. Accept is the *alter ego* or a business conduit of Schaller, Rauball and Puttke.

27. To observe the corporate or other separateness of Accept from Schaller, Rauball and Puttke would work an injustice.

28. There is a unity of interest between Accept and Schaller, Rauball and Puttke.

29. The separate personalities of Accept and Schaller, Rauball and Puttke has ceased to exist.

WHEREFORE, Plaintiff prays for Judgment declaring that Schaller, Rauball and Puttke are the alter egos of Accept, and further:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

–5–

D. For such other and further relief as the Court deems appropriate.

## COUNT FOUR
### (All Defendants – Fraud in the Inducement)

30. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

31. Defendants induced Plaintiff to enter into the Loan Agreement having no ability or intent to perform thereunder.

32. Plaintiff justifiably relied on Defendants that the Loan Agreement would be performed pursuant to its terms.

33. Plaintiff has been damaged as a result of the Defendant's fraud in the inducement in an amount to be proven at trial.

34. Plaintiff request an award of attorney's fees in connection with this Count on the basis of ARS § 12-341.01.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For general and special damages as specified above in an amount to be proven at trial; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## COUNT FIVE
### (Punitive Damages – All Defendants)

35. Plaintiff realleges all allegations heretofore set forth as if fully restated herein.

36. Plaintiff is entitled to an award of punitive damages under the rationale expressed by the Arizona Appellate Bench, that is, Defendants' wrongful conduct was guided by evil motives

or willful or wanton disregard of the interests of the Plaintiff. Punitive damages should be assessed in this case to punish Defendants and to deter others from engaging in similar misconduct.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For an award of punitive damages sufficient to punish these Defendants and to deter others from engaging in similar misconduct; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 5th day of April, 2007.

_____
Peter Strojnik
Attorney for Plaintiff

## VERIFICATION

The undersigned, being first duly authorized to do so on behalf of Plaintiff, does hereby affirm under the penalty of perjury that he has read the foregoing and that the foregoing is true and correct to the best of undersigned's knowledge, information and belief.

DATED: 04-05-07            /s/ _____
                           Hans Hüning
                           President and Chairman of the Board

or willful or wanton disregard of the interests of the Plaintiff. Punitive damages should be

assessed in this case to punish Defendants and to deter others from engaging in similar

misconduct.

WHEREFORE, Plaintiff prays for Judgment against Defendants as follows:

A. For an award of punitive damages sufficient to punish these Defendants and to deter

others from engaging in similar misconduct; and

B. For costs and attorney's fees incurred in this Action; and

C. For pre-and post judgment interest at the highest legal rate; and

D. For such other and further relief as the Court deems appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on issues triable by a jury.

RESPECTFULLY submitted this 5th day of April, 2007.

Peter Stromik
Attorney for Plaintiff

## VERIFICATION

The undersigned, being first duly authorized to do so on behalf of Plaintiff, does hereby affirm under the penalty of perjury that he has read the foregoing and that the foregoing is true and correct to the best of undersigned's knowledge, information and belief.

DATED: 04-05-07

Hans Hüning
President and Chairman of the Board

-7-

**UEBERSETZUNG**

# IM BEZIRKSGERICHT DER VEREINIGTEN STAATEN

## FUER DEN BEZIRK ARIZONA

|  |  |
|---|---|
| ARIZONA PRECIOUS METALS, INC., eine Nevada Gesellschaft, | ) ) ) ) NUMMER. CV07-00707-PHX-MHB |
| Klaegerin, | ) **GERICHTSVORLADUNG** |
| gegen | ) ) |
| ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, eine deutsche Kommanditgesellschaft; KARL-HEINZ RAUBALL und JANE DOE RAUBALL, seine Frau; BERNHARD PUTTKE und JANE DOE PUTTKE, seine Frau; KURT SCHALLER und JANE DOE SCHALLER, seine Frau, | ) ) ) ) ) ) ) ) |
| Beklagte. | / |

**AN:** KARL-HEINZ RAUBALL

Sie werden hiermit gerichtlich vorgeladen und aufgefordert, an Peter Strojnik, Rechtsanwalt der Klaegrin, dessen Adresse   3030 N. Central Avenue, Suite 1401, Phoenix, Arizona 85012, ist, eine Antwort auf die Klageschrift, die Ihnen hiermit zugestellt wird, zu geben; dies innerhalb von 20 Tagen nach Zustellung dieser Gerichtsvorladung, wobei der Tag der Zustellung nicht mitgerechnet wird. Falls Sie dies nicht tun, wird gegen Sie ein Versaeumnisurteil entsprechend der Vorgaben der Klageschrift ergehen.

_APRIL 9, 2007_              /s/
Datiert                     Gerichtsangestellter

Siegel:

Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Rechtsanwalt fuer Klaegerin

**UEBERSETZUNG**

## IM  BEZIRKSGERICHT  DER VEREINIGTEN STAATEN

## FUER  DEN  BEZIRK  ARIZONA

|  |  |
|---|---|
| ARIZONA  PRECIOUS  METALS,  INC., eine Nevada Gesellschaft,<br><br>Klaegerin<br><br>gegen<br><br>ACCEPT  ERSTE  ROHSTOFF BETEILIGUNGS KG,  eine  deutsche Kommanditgesellschaft;  KARL-HEINZ RAUBALL und JANE DOE RAUBALL, seine Frau; BERNHARD PUTTKE und JANE DOE PUTTKE, seine Frau; KURT SCHALLER  und  JANE  DOE SCHALLER, seine Frau,<br><br>Beklagte. | NUMMER;  CVO7- OO7O7-PHX- MHB<br><br>**BESTAETIGTE KLAGE**<br><br>(Vertragsbruch – Accept)<br>(Vertragsbruch – Rauball, Puttke, Schaller)<br>(Beteaetigung durch - Rauball, Puttke, Schaller)<br>(Eingehungsbetrug – Alle)<br>(Schadensersatz – Alle)<br><br>**ANTRAG AUF GERICHTSVERHANDLUNG** |

### KLAGEPARTEIEN, GERICHTSZUSTAENDIGKEIT UND  GERICHTSORT

1.  Die Klaegerin ARIZONA PRECIOUS METALS, INC. ("APM") ist eine Nevada

Gesellschaft, die berechtigt ist, im Maricopa Bezirk, im Staate Arizona, ihre

Geschaeftstaetigkeiten auszuueben und tatsaechlich durchfuehrt.

2.  Die beklagte ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG ("Accept"), ist eine

deutsche Kommanditgesellschaft; KARL-HEINZ RAUBALL und JANE DOE RAUBALL

-1-

sind Mann und Frau und deutsche Staatsbuerger ("Rauball"); BERNHARD PUTTKE und

JANE DOE PUTTKE sind Mann und Frau und deutsche Staatsbuerger ("Puttke"), KURT

SCHALLER und JANE DOE SCHALLER sind Mann und Frau und deutsche Staatsbuerger

("Schaller"). Verheiratete Beklagte haben die Taetigkeiten gemeinsam zum Wohle ihrer

ehelichen Gemeinschaft ausgefuehrt und als Vertreter, Angestellte von und fuer Accept

gehandelt.

3. Der Betrag der Auseinandersetzung uebersteigt US Dollar 75.000,00

4. Das Bezirksgericht der Vereinigten Staaten fuer den Staat Arizona hat Gerichtszustaendigkeit

fuer diese Rechtsangelegenheit aufgrund der Rechtsvorschrift U.S.C. 28-1332

(Verschiedenheit der Staatsbuergerschaften).

5. Der Gerichtsort ist gemaess Rechtsvorschrift 28 U.S.C.1391 aus diesem Grunde richtig,

da ein betraechtlicher Teil der Taetigkeiten und Unterlassungen, die beanstandet werden, im

Staate Arizona geschehen sind, ausserdem haben die Parteien vorher diesem Gerichtsstand

zugestimmt.

### HINTERGRUNDTATBESTAENDE

6. Am 22. August 2006 haben APM und die Silver King Mining Company of Arizona ("SKM")

den APM-SKM Joint Venture Vertrag ("APM-SKM JVA") abgeschlossen, in dem SKM

seine Bergbau- Minenrechte an der Silver King Mine zusammen mit bestimmten Maschinen

und Geraeten eingebracht hat und APM vereinbart hat, die notwendige Finanzierung zum

Produktionsbeginn zur Verfuegung zu stellen. APM wurde hierdurch ein 60 % Anteilseigner

im Joint Venture und SKM ein 40% Anteilseigner.

7. APM's Zusage, das Startkapital fuer das APM-SKM JV zur Verfuegung zu stellen, basierte

auf dem anhaengigen Darlehensvertrag mit Accept, der mit Datum vom 5. Septemebr 2006

effektiv abgeschlossen wurde ("Darlehnsvertrag"), siehe Anlage "A" hierzu. Der

Darlehnsvertrag sah eine Serie von Darlehnszahlungen vor, die zusammen eine $ 2

Millionen Finanzierung fuer APM ausmachten.

8. Der Darlehnsvertrag war durch die Herren Schaller, Rauball and Puttke arrangiert worden.

Die Herren Schaller, Rauball and Puttke haben unabhaengig versprochen, das Darlehen zu

bewerkstelligen, und im Austausch fuer diese Zusage haben sie die nachfolgenden Anteile in

APM erhalten: Karl-Heinz Rauball 625.000 Aktien vom APM Kapital; Bernhard Puttke

625.000 Aktien vom APM Kapital; Kurt Schaller 1.250.000 Aktien vom APM Kapital.

Darueberhinaus erhielten die Herren Schaller, Rauball und Puttke jeder ein Kontingent von

Aktienoptionen, was 20% ihrer Aktienbeteiligungen entspricht.

9. Der Darlehnsvertrag ist in Verzug..

10. Die Zusage der Herren Schaller, Rauball und Puttke, das Darlehen zu arrangieren, ist in

Verzug.

11. Aufgrund von Informationen und eigenen Feststellungen behaupten die Klaegerin, dass die

Beklagten zum Zeitpunkt des Vertragsabschlusses nicht die Faehigkeit besassen, das

Darlehen entsprechend den Bedingungen des Darlehensvertrages zu begeben.

12. Zwischen dem Zeitpunkt des Abschlusses des Darlehensvertrages und der Einreichung

dieser bestaetigten KLage hat Accept APM's Dr. Huening immer wieder versichert, dass die

Finanzierung in der einen oder anderen Art und Weise zustande kommen wuerde, jedoch

diesem wurde nur mit entsprechendem Bruch und Versaeumnis begegnet.

13. Aufgrund von Informationen und eigenen Feststellungen behaupten die Klaegerin, dass die

-3-

Beklagten nicht die Faehigkeit besassen, das Darlehen zu begeben oder sonstwie zu

irgendeiner Zeit ihre Versprechungen zu erfuellen, wenn sie der Klaegerin versicherten, dass

die Darlehensbetraege ueberwiesen wuerden.

14. Als direktem und unmittelbaren Ergebnis aus den Taetigkeiten der Beklagten hat APM

betraechtliche direkte und nachfolgende Schaeden erlitten, dies einschliesslich, jedoch ohne

Begrenzung, Gewinnverlusten, Einnahmensverlusten und anderer allgemeiner Schaeden, die

durch den Vetragsbruch der Beklagten entstanden sind.

## ANKLAGEPUNKT EINS
### (Vertragssbruch – Accept)

15. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter

festgestellt.

16. Die beklagte Accept hat den Darlehnsvertrag gebrochen, was der Klaegerin Schaden

verursacht hat.

17. Die beklagte Accept hat die stillschweigend inbegriffene Garantie des Guten Glaubens und

der fairen Geschaeftsabwicklung, die jedem Vertrag innewohnt, gebrochen.

18. Die Klaegerin ist berechtigt, allgemeinen und speziellen Schadensersatz, einschliesslich fuer

den Verlust von Geschaeftstaetigkeiten, Gewinnverluste und Einkommensverluste, zu

erhalten.

19. Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit

diesem Klagepunkt auf der Basis von Rechtsvorschrift ARS § 12-341.01.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen Accept wie folgt:

A. Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe,

–4–

die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind;
und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst
zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer
geeignet erachtet.

## ANKLAGEPUNKT ZWEI
(Vertragsbruch – Schaller, Rauball and Puttke)

20. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter
festgestellt.

21. Die beklagten Schaller, Rauball und Puttke haben ihren Vertrag gebrochen, fuer die
Klaegerin eine Darlehnsfinanzierung zu finden.

22. Die beklagten Schaller, Rauball und Puttke haben die stillschweigend inbegriffene Garantie
des Guten Glaubens und der fairen Geschaeftsabwicklung, die jedem Vertrag innewohnt,
gebrochen.

23. Die Klaegerin ist berechtigt, allgemeinen und speziellen Schadensersatz, einschliesslich fuer
den Verlust von Geschaeftstaetigkeiten, Gewinnverluste und Einkommensverluste, zu
erhalten.

24. Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit
diesem Klagepunkt auf der Basis von Rechtsvorschrift ARS § 12-341.01.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen Schaller Rauball und Puttke wie folgt:

C. Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe, die im Gerichtsprozesstermin nachgewiesen wird; und

D. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

### ANKLAGEPUNKT DREI
(Betaetigung fuer Accept– Schaller, Rauball and Puttke)

25. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

26. Accept ist das andere Ich oder ein Geschaeftsbetaetigungsfeld von Schaller, Rauball und Puttke.

27. Die geschaeftsmaessige oder eine andere Trennung von Accept von Schaller, Rauball und Puttke wuerde eine Ungerechtigkeit darstellen.

28. Es besteht eine Interessenseinheit zwischen Accept und Schaller, Rauball und Puttke.

29. Die separaten Personalien von Accept einerseits und Schaller, Rauball und Puttke andererseits haben aufgehoert zu bestehen.

–6–

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung, die feststellt, dass

Schaller, Rauball und Puttke die anderen Ichs von Accept sind, sowie weiterhin:

A  Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe,

   die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind;

   und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst

   zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer

   geeignet erachtet.

### ANKLAGEPUNKT  VIER
(Alle Beklagten – Eingehungsbetrug)

30. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter

festgestellt.

31. Die Beklagten veranlassten die Klaegerin, einen Darlehensvertrag abzuschliessen, hatten

jedoch keine Moeglichkeit oder Absicht, diesen zu erfuellen.

32. Die Klaegerin vertraute berechtigterweise den Beklagten, dass der Darlehensvertrag

entsprechend den Bedingungen erfuellt wuerde.

33. Die Klaegerin wurde als Ergebnis des Eingehungsbetruges der Beklagten in einem Betrag,

der im Gerichtsprozess nachgewiesen wird, geschaedigt.

34. Die Klaegerin begehrt eine Verguetung von Rechtsanwaltskosten in Zusammenhang mit

diesem Klagepunkt auf der Basis von Rechtsvorschrift  ARS § 12-341.01.

–7–

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen die Beklagten wie folgt:

A. Fuer allgemeine und spezielle Schaeden, wie oben spezifiert und in einer Betragshoehe, die im Gerichtsprozesstermin nachgewiesen wird; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

### ANKLAGEPUNKT FUENF
(Schadensersatz – alle Beklagten)

35. Der Klaeger wiederholt alle Behauptungen wie vorher aufgestellt als voll hierunter festgestellt.

36. Die Klaegerin ist berechtigt, Schadensersatz zugesprochen zu erhalten, und zwar entsprechend der Denkweise, wie sie durch das Arizona Appellate Bench (Arizona Berufungsgremium) ausgedrueckt wurde bei gesetzwidrigem Verhalten, das durch boese Absichten, vorsaetzliche oder fahrlaessige Missachtung der Interessen der Klaegerin herbeigefuehrt wurde. Der Schadensersatz sollte in diesem Falle so festgesetzt werden, dass die Beklagten bestraft werden und andere davon abgehalten werden, sich bei aehnlichem Fehlverhalten zu betaetigen.

DEMZUFOLGE begehrt die Klaegerin eine Gerichtsentscheidung gegen die Beklagten wie folgt:

A. Fuer die Gewaehrung von Schadensersatz, der ausreichend ist, die Beklagten zu bestrafen und andere abzuhalten, sich bei aehnlichem Fehlverhalten zu betaetigen; und

B. Fuer Kosten und Rechtsanwaltsgebuehren, die durch dieses Verfahren verursacht sind; und

C. Fuer Zinsen, die vor und nach dem Urteil berechnet werden, in gesetzlich hoechst zulaessigem Betrag; und

D. Fuer solche anderen und weiteren Abloesungsbetraege, wie sie das hohe Gericht fuer geeignet erachtet.

## AUFFORDERUNG ZUM GERICHTSVERFAHREN

Die Klaegerin fordert ein Gerichtsverfahren zu den Angelegenheiten, die durch ein Gericht entschieden werden koennen.

Eingereicht am  April 5, 2007.

/signed/
Peter Strojnik
Rechtsanwalt fuer die Klaegerin

## BESTAETIGUNG DER RICHTIGKEIT

Der Unterzeichnete, der von der Klaegerin bevollmaechtigt ist und auch fuer diese handeln kann, bestaetigt hierdurch unter Androhung einer Meineidsstrafe, dass er das Vorhergehende gelesen hat und dass das Vorhergehende wahr und richtig ist, dies nach seinem besten Wissen, seinen besten Informationen und seinem Gewissen.

DATIERT:April 5, 2007                /signed/
Hans Huening, President und Vorsitzender
des Direktoriums

–9–

