Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ARIZONA PRECIOUS METALS, INC., a Nevada Corporation,<br>Plaintiff,<br>vs.<br>ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, a German Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL, his wife; BERNHARD PUTTKE and JANE DOE PUTTKE, his wife; KURT SCHALLER and JANE DOE SCHALLER, his wife,<br>Defendants. | NO. CV-07-707-PHX-MHB<br><br>**APPLICATION FOR THE ENTRY OF JUDGMENT BY DEFAULT AGAINST DEFENDANTS (1) BERNHARD PUTTKE; (2) KARL-HEINZ RAUBALL; AND (3) ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG.** |

Plaintiff Arizona Precious Metals, Inc., by and through its counsel undersigned, herewith applies for the entry of judgment by default pursuant to Rule 55 (b)(2), Federal Rules of Civil Procedure against defaulting parties (1) Bernhard Puttke; (2) Karl-Heinz Rauball; and (3) Accept Erste Rohstoff Beteiligungs Kg. The Defendants against whom Judgment by Default is sought are not infants or incompetent persons. This Application is supported by the Declaration of Dr. Johannes Herman Hüning under the Penalty of Perjury which is appended hereto as Exhibit 1 and by the following Memorandum of Points and Authorities that is by this reference incorporated herein.

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### *Status of the Case*

Bernhard Puttke was served with process pursuant to the Hague Convention on Service Abroad on May 10, 2007 (DOC 10). Defendant Karl-Heinz Rauball was served with process pursuant to the Hague Convention on Service Abroad on May 10, 2007 (DOC 12). Defendant Accept Erste Rohstoff Beteiligungs Kg. was served with process pursuant to the Hague Convention on Service Abroad on May 18, 2007 (DOC 14). Defendants (1) Bernhard Puttke; (2) Karl-Heinz Rauball; and (3) Accept Erste Rohstoff Beteiligungs Kg. failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. On August 20, 2007, the Clerk entered default against each as follows: Against Bernhard Puttke in DOC 16; against Karl-Heinz Rauball in DOC 17; and against Accept Erste Rohstoff Beteiligungs Kg. in DOC 18.

Defendants have not appeared in this action.

### *Facts Supporting Judgment*

Plaintiff filed a Verified Complaint against Defendants (DOC 1) alleging breach of a contract, fraud in the inducement, alter ego and punitive damages. The Complains is based on a breach of a Loan Agreement, appended to the Verified Complaint as Exhibit 1, whereby Defendants agreed to fund a $2,000,000.00 loan to Plaintiff for the purpose of, *inter alia*, opening and operating the Silver King Mine near Superior, Arizona. The Complaint was verified by Dr. Hans Hüning, Plaintiff's CEO and Chairman of the Board.

Dr. Hans Hüning, a German citizen, has prepared and hereby submits as Exhibit 1 the Declaration of Dr. Johannes Herman Hüning under the Penalty of Perjury. The Declaration is made on personal knowledge, and confirms the following facts:

1. That Dr. Hüning is a tax attorney and accountant (Steuerberater) licensed to practice tax law in the Country of Germany, and that he has held a tax lawyer license (Steuerberater) there since 1966; and

2. That he is the President and Chairman of the Board of Directors of Arizona Precious Metals, Inc., ("APM") the Plaintiff in United States District Court, District of Arizona, litigation captioned *Arizona Precious Metals, Inc. v. Accept Erste Rohstoff Beteiligungs KG, a German Limited Partnership; Karl-Heinz Rauball and Jane Doe Rauball, his wife; Bernhard Puttke and Jane Doe Puttke, his wife; Kurt Schaller and Jane Doe Schaller, his wife,* cause number CV 07-707-PHX-MHB; and

3. That the Senator Fuer Justiz in Berlin served Defendant Karl-Heinz Rauball on May 10, 2007, as stated in the Certificate/Attestation previously submitted to the Court; and

4. That the Senator Fuer Justiz in Berlin served Defendant Bernhard Puttke on May 10, 2007, as stated in the Certificate/Attestation previously submitted to the Court; and

5. That the Senator Fuer Justiz in Berlin served Defendant Accept Erste Rohstoff Beteiligungs KG, a German Limited Partnership on May 18, 2007, as stated in the Certificate/Attestation previously submitted to the Court; and

6. That on August 22, 2006, APM and the Silver King Mining Company of Arizona ("SKM") entered into the APM – SKM Joint Venture Agreement ("APM-SKM JVA") whereby SKM contributed its mining rights to the Silver King Mine along with certain equipment, and APM agreed to provide the financing necessary to commence production. APM became a 60% interest holder in the Joint Venture, and SKM became a 40% interest holder; and

7. That APM's promise to provide the start up capital for the APM-SKM JV was based on a promise made to APM by Messrs. Schaller, Rauball and Puttke that they would cause Accept to fund APM with a $2,000,000 loan; and

8. That effective September 5, 2006, Accept executed a Loan ("Loan Agreement"). The Loan Agreement provided for a series of loan payments culminating in a $2M funding to APM; and

9. That the Loan Agreement was arranged through Messrs. Schaller, Rauball and Puttke. In exchange for the execution of the Loan Agreement by Accept, Messrs. Schaller, Rauball and Puttke received the following contingent interests in APM: Karl-Heinz Rauball, 625,000 shares of APM stock; Bernhard Puttke, 625,000 shares of APM stock; Kurt Schaller, 1,250,000 shares of APM stock. In addition, Messrs. Schaller, Rauball and Puttke each received contingent stock options equal to 20% of their contingent holding; and

10. That Dr. Hüning has learned through telephonic and in-person conversations with Messrs. Schaller, Rauball and Puttke that Accept was a newly formed German Limited Partnership organized, in part, to make the loan to APM; and

11. That Messrs. Schaller, Rauball and Puttke made independent promises to fund the $2M loan; and

12. That by virtue of the acceptance of direct contingent stock ownership by Messrs. Schaller, Rauball and Puttke in exchange for the execution of the Loan Agreement by Accept, there was a unity of interest between Accept and Messrs. Schaller, Rauball and Puttke with respect to the Loan Agreement; and

13. That the separate personalities of Accept and Messrs. Schaller, Rauball and Puttke have ceased to exist with respect to the Loan Agreement; and

14. That to observe the corporate or other separateness of Accept from Schaller, Rauball and Puttke would be unjust since Accept is a single purpose newly formed German Limited Partnership with no apparent funds of its own; and

15. That following Messrs. Schaller's, Rauball's and Puttke's independent promise to arrange and fund the loan, Dr. Hüning held numerous conversations with Messrs. Schaller, Rauball and Puttke regarding the funding of the loan; and

16. That Dr. Hüning's conversations with Messrs. Schaller, Rauball and Puttke occurred by telephone and in person; and

17. That Dr. Hüning traveled to Germany on several occasions to discuss the status of the loan with Messrs. Schaller, Rauball and Puttke; and

18. That during telephonic and in-person conversations with Messrs. Schaller, Rauball and Puttke, Dr. Hüning learned that the promises to make the loan on or about September 5, 2006, were made knowingly that the loan could not be made by Defendants; and

19. That Dr. Hüning also learned during telephonic and in-person conversations with Messrs. Schaller, Rauball and Puttke that at the time Messrs. Schaller, Rauball and Puttke made the promise to make the loan on or about September 5, 2006, Messrs. Schaller, Rauball and Puttke knew that they did not have the means to make the loan; and

20. That Dr. Hüning and APM relied on Messrs. Schaller, Rauball and Puttke's implied statement and promise that they could make the loan as agreed; and

21. That Defendants kept reassuring Dr. Hüning that funding in one form or another would be forthcoming, only to meet with repetitive breaches and failures; and

22. That Messrs. Schaller, Rauball and Puttke breached their agreement to fund the Loan to APM through Accept; and

23. That as a direct and proximate result of Accept's and Messrs. Schaller's, Rauball's and Puttke's failure to make the loan as agreed, APM has incurred damages for loss of income and profits as follows:

| Silver King Mine Joint Venture Income Projections* | | | | |
|---|---|---|---|---|
| Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
| Gross income 15,120,000 | 14,000,000 | 15,000,000 | 15,600,000 | 16,200,000 |
| Gross profit/ EBITDA 11,092,350 | 9,726,542 | 10,464,269 | 10,861,783 | 11,254,032 |
| 60% EBIT to APM 6,637,182 | 5,815,874 | 6,256,506 | 6,492,808 | 6,725,731 |
| 40% EBIT to SKM 4,424,788 | 3,877,250 | 4,171,004 | 4,328,539 | 4,483,821 |
| NPV Factor 0.83 | 0.69 | 0.58 | 0.48 | 0.40 |
| APM (npv) 5,508,861 | 4,012,953 | 3,628,773 | 3,116,547 | 2,690,292 |
| SKM (npv) 3,672,574 | 2,675,302 | 2,419,182 | 2,077,698 | 1,793,528 |
| Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
| Gross income 16,200,000 | 16,200,000 | 16,200,000 | 16,200,000 | 16,200,000 |
| Gross profit/ EBITDA 11,254,032 | 11,254,032 | 11,254,032 | 11,254,032 | 11,254,032 |
| 60% EBIT to APM 6,725,731 | 6,725,731 | 6,725,731 | 6,725,731 | 6,725,731 |
| 40% EBIT to SKM 4,483,821 | 4,483,821 | 4,483,821 | 4,483,821 | 4,483,821 |
| NPV Factor 0.33 | 0.28 | 0.23 | 0.19 | 0.16 |
| APM (npv) 2,219,491 | 1,883,204 | 1,546,918 | 1,277,888 | 1,076,116 |
| SKM (npv) 1,479,660 | 1,255,469 | 1,031,278 | 851,925 | 717,411 |

\* The Discount rate for a private business is calculated at 20% in accordance with "How To Value Your Business and Increase its Potential" Author Jay B., Abrams, page 82. ISBN: 0-07-139520-2

24. That reducing the loss of income and profits to present value yields the present value of damages in the amount of US$ 26,961.043.

25. That Defendants induced APM to enter into the Loan Agreement having no ability or intent to perform thereunder; and

26. That APM justifiably relied on Defendants that the Loan Agreement would be performed pursuant to its terms; and

27. That during telephonic and in-person conversations with Defendants Messrs. Schaller, Rauball and Puttke, Dr. Hüning has learned that Messrs. Schaller, Rauball and Puttke each or as a group hold significant assets and holdings in Germany and across the globe, as follows:

a. Interest in up to 1% commission for the sale of 30 Airbus 300 Series airplanes to the Republic of Congo and other countries and/or their airlines valued at $1.8 billion; and

b. Mining interests in Indonesia valued at several million US Dollars; and

c. Three oils concessions and several mining claims for diamonds and precious metals in the Republic of Congo valued at several million US Dollars.

28. That Defendant Puttke's and Rauball's fraud in the inducement and their breach of implied covenant of good faith and fair dealing were committed with a willful or wanton disregard of the interests of the APM; and

29. That Dr. Hüning, on behalf of Plaintiff, submits that punitive damages should be assessed against each Defendant, including Defendant Puttke, jointly and severally with others, in the amount of $5,000,000.00 in order to punish Defendants, including Defendant Puttke and Rauball, and to deter others from engaging in similar misconduct.

30. That based on the foregoing, Dr. Hüning submits that the following damages were incurred by Arizona Precious Metals, Inc. as a direct and proximate result of Defendants' breaches of contract and fraud in the inducement:

| Actual Damages: | $26,961.043.00 |
| Reasonable Punitive Damages: | $5,000,000.00 |

## CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Plaintiff prays that Judgment be entered against Defendants (1) Bernhard Puttke; (2) Karl-Heinz Rauball; and (3) Accept Erste Rohstoff Beteiligungs Kg., jointly and severally, in the amount of $26,961.043.00 for actual damages, and the amount of $5,000,000.00 in punitive damages.

RESPECTFULLY submitted this 21st day of August, 2007.

Peter Strojnik
Attorney for Plaintiff

The foregoing e-filed this 21st day of August, 2007.