IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Precious Metals, Inc., ) | No. CV-07-707-PHX-MHB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Accept Erste Rohstoff Beteiligungs KG; et al., ) | |
| Defendants. ) | |

Before the Court is Plaintiff's Application for Default Judgment (Doc. 19). The Court will hold a hearing on the amount of damages in three months. Plaintiff will be required to service notice of this hearing on Defendants and provide proof at the hearing that the Defendants have been properly served with notice of the hearing.

"Punitive damages are not usually awarded in contract actions, unless there is an accompanying tort." Miscione v. Bishop, 130 Ariz. 371, 374–375 (App. 1981); see also Restatement (Second) Contract § 355 (1981) ("Punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable."). This is not a case where the Court can or will grant punitive damages.

The Court will apply the following principles at the hearing: "The traditional measure of damages for breach of a contract to loan money is the additional interest required for a

1  replacement loan." United California Bank v. Prudential Ins. Co. of America, 140 Ariz. 238,
2  295 (App. 1983).  This is due to the well known principle that "[d]amages are not
3  recoverable for loss that the party in breach did not have reason to foresee as a probable
4  result of the breach when the contract was made."  Restatement (Second) § 351(1).
5  Restatement (Second) explained:

> The limitation of foreseeability is often applied in actions for damages for breach of contracts to lend money. Because credit is so widely available, a lender often has no reason to foresee at the time the contract is made that the borrower will be unable to make substitute arrangements in the event of breach. See Comment d. In most cases, then, the lender's liability will be limited to the relatively small additional amount that it would ordinarily cost to get a similar loan from another lender. However, in the less common situation in which the lender has reason to foresee that the borrower will be unable to borrow elsewhere or will be delayed in borrowing elsewhere, the lender may be liable for much heavier damages based on the borrower's inability to take advantage of a specific opportunity (see Illustration 14), his having to postpone or abandon a profitable project (see Illustration 15), or his forfeiture of security for failure to make prompt payment (see Illustration 16).

Id. cmt. f.  Thus, as a limited exception to the general rule, a party may recover additional damages when

> 'the specific purpose for which the loan was made was communicated to the lender at the time the contract was entered into, and where it further appears that the borrower has suffered special damages by the breach, which are pleaded and proved, the damages recoverable are such as may fairly and reasonably be supposed to have been in the contemplation of the parties at the time of making the contract, as the probable result of a breach of it.'

Higgins v. Arizona Sav. and Loan Ass'n, 90 Ariz. 55, 63 (1961) (quoting Shurtleff v. Occidental Bldg. & Loan Ass'n, 181 N.W. 374, 375 (Neb. 1921).  Damages which are too remote and speculative will not be awarded.  Shurtleff, 181 N.W. at 376 (finding damages for the loss of anticipated rents of a building during the period of delay in its construction, claimed to have been occasioned by a breach of contract to lend money for its construction to be too remote and speculative to be recoverable); see also Restatement (Second) § 352 ("Damages are not recoverable for loss beyond an amount that the evidence permits to be established with reasonable certainty.").

- 2 -

Accordingly,

IT IS ORDERED a hearing on the amount of damages will be held on March 14, 2008 at 10:30 A.M.

IT IS FURTHER ORDERED Plaintiff shall service notice of this hearing on Defendants and provide proof at the hearing that the Defendants have been properly served with notice of the hearing.

DATED this 13th day of December, 2007.

_____
Roslyn O. Silver
United States District Judge

- 3 -