Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
E-mail: Strojnik@aol.com
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ARIZONA PRECIOUS METALS, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, a German Partnership; KARL-HEINZ RAUBALL and JANE DOE RAUBALL, his wife; BERNHARD PUTTKE and JANE DOE PUTTKE, his wife; KURT SCHALLER and JANE DOE SCHALLER, his wife,<br><br>Defendants. | NO. CV-07-707-PHX-MHB<br><br>**NOTICE OF CORRECT CASE CITATION** |

At the hearing on Friday, May 2, 2008, counsel for Plaintiff incorrectly cited to *McNutt Oil & Refining Co. v. D'Ascoli*, 79 Ariz. 28, 34, 281 P.2d 966, 970 (1955) for the proposition that lost profits are a recoverable item of damages in a newly formed business enterprise. The correct citation is *Rancho Pescado Inc. v. Northwestern Mutual Life Insurance Co.*, 680 P.2d 1235, 140 Ariz. 174 (App. 1984) where the Court held that damages for lost profits are recoverable even for a new business where the Plaintiff can show with reasonable certainty the

amount of lost profits. The confirming citation is *Short v. Riley*, 150 Ariz. 583, 585-86, 724 P.2d 1252, 1254-55 (App. 1986) where the Court held that recovery cannot be denied where a reasonably certain factual basis for computing a probable loss of profits – even in a new business venture – is shown:

> The trial court concluded that Arizona law disallows recovery of lost profits for a new business unless they can be proven with something that approaches mathematical certainty and that Short's evidence had failed to meet this burden. The court relied on *Isenberg v. Lemon*, 84 Ariz. 340, 327 P.2d 1016 (1958). That law has since been modernized. The rule now is that, when evidence is available to furnish a reasonably certain factual basis for computation of probable losses, recovery cannot be denied even though a new business venture is involved. *Rancho Pescado, Inc. v. Northwestern Mutual Life Insurance Co.*, 140 Ariz. 174, 680 P.2d 1235 (App. 1984); *Earle M. Jorgensen Co. v. Tesmer Manufacturing Co.*, 10 Ariz. App. 445, 459 P.2d 533 (1969). Once the fact of damages has been proven, the amount of the damages may be shown with proof of a lesser degree of certainty than is required to establish the fact of damage. *Harris Cattle Co. v. Paradise Motors, Inc.*, 104 Ariz. 66, 448 P.2d 866 (1968); *Gilmore v. Cohen*, 95 Ariz. 34, 386 P.2d 81 (1963). The law still requires "a reasonable basis in the evidence for the trier of fact to fix compensation when a dollar loss is claimed." *Nelson v. Cail*, 120 Ariz. 64, 67, 583 P.2d 1384, 1387 (App.1978).
>
> The evidence required to prove loss of future profits depends on the individual circumstances of each case and, although absolute certainty is not required, the jury must be guided by some rational standard.

At the damages hearing on May 2, 2008, Dr. Hüning qualified as an expert through his specialized knowledge in the area of mining and future mining profit valuations. He testified that he had been in the mining business for 40 years and that during those years he employed his accounting license to value and appraise future profits from mining operations. Dr. Hüning testified that as a result of the breach of the Loan Agreement (Hearing Exhibit 5), APM suffered lost profits in the amount of $26,961.043.00. Dr. Hüning testified that this amount represents 60% of the lost profits of the APM-SKM Joint Venture (Hearing Exhibit 4) owned

by APM. Dr. Hüning further testified that the information he relied upon in his determination of lost profits was the type of documentation that would be normally relied upon by an expert in the field of mining profits valuation, thus satisfying the "rational standard" referenced in *Short.* Dr. Hüning also testified that his valuation represent a true and accurate valuation of damages suffered by APM as a result of the breach of the Loan Agreement. Dr. Hüning further testified that the amount of damages was fairly and reasonably within the contemplation of the parties, satisfying the Restatement (Second) § 351 (l) cmt f. referenced in the Court's Order (doc 27)[1]. Lastly, Dr. Hüning testified that the amount of damage represents an amount arrived to with "reasonable certainty", satisfying the "reasonable certainty" standard of *Gilmore v. Cohen*, 95 Ariz. 34, 36, 386 P.2d 81, 82 (1963)

Counsel apologizes for the erroneous citation stated in open court, and requests that the Court consider the correct citations stated above.

RESPECTFULLY submitted this 5th day of May, 2008.

Peter Strojnik
Attorney for Plaintiff

[1] Dr. Hüning confirmed that Defendant Bernhard Puttke and Defendant Rauball were made aware of the potential for damages in the event of the breach of the Loan Agreement, and that they received all information that formed the basis of Dr. Hüning's own calculations. Dr. Hüning specifically testified that Defendant Puttke, as Dr. Hüning, possesses expertise in the area of mining.

# CERTIFICATE OF SERVICE

The foregoing e-filed this 5th day of May, 2008.

Copies mailed to:

Accept Erste Rohstoff Beteiligungs KG
Heerstrs. 24-26, D 14052
Berlin, Germany

Bernhardt Puttke
Heerstrs. 24-26, D 14052
Berlin, Germany

Karl-Heinz Rauball
c/o Decobra Holding
Stokower Str. 207 12.Etage
D 10369 Berlin Germany

______________________________