**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARIZONA PRECIOUS METALS, INC., a Nevada Corporation,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>ACCEPT ERSTE ROHSTOFF BETEILIGUNGS KG, a German Partnership; KARL-HEINZ RAUBALL; BERNHARD PUTTKE,<br><br>          Defendants - Appellees. | No. 08-17203<br><br>D.C. No. 2:07-CV-00707-MHB(ROS)<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted December 6, 2010[**]
San Francisco, California

Before: HUG, D.W. NELSON and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona Precious Metals, Inc. ("APM") appeals the district court's decision that it is not entitled to damages for lost profits in this breach of contract action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the state law determinations of the district courts de novo. *In re McLinn*, 739 F.2d 1395, 1398 (9th Cir. 1984) (en banc).

APM argues that the district court failed to distinguish between the *fact* of lost profits and the *amount* of lost profits, and it therefore applied the incorrect legal standard of proof for the amount of lost profits under Arizona law. Because this is a default case, APM argues that the only question the district court needed to answer was how much profit it had, in fact, lost. According to APM's logic, it is entitled to any and all *types* of damages.

This argument is entirely without merit. The relevant inquiry has nothing to do with the standard of proof that the district court applied. As APM's brief acknowledges, the "traditional measure of damages for breach of a contract to loan money is the additional interest required for a replacement loan." *United California Bank v. Prudential Ins. Co. of America*, 681 P.2d 390, 447 (Ariz. Ct. App. 1983). As a limited exception to this general rule, however, a party may recover additional compensatory damages when

> "the specific purpose for which the loan was made was communicated to the lender at the time the contract was entered into, and where it further appears that the borrower has suffered special damages by the breach, which are pleaded and proved, the damages recoverable are such as may fairly and reasonably be supposed to have been in the contemplation of the parties at the time of making the contract, as the probable result of a breach of it."

*Higgins v. Arizona Sav. & Loan Ass'n*, 365 P.2d 476, 482 (Ariz. 1961) (quoting *Shurtleff v. Occidental Bldg. & Loan Ass'n*, 181 N.W. 374, 375 (Neb. 1921)). In this sense, Arizona law comports with general principles of contract which dictate that "[d]amages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made." RESTATEMENT (SECOND) OF CONTRACTS § 351 (1981). In the lending context, it is generally assumed that the "borrower will be []able to make substitute arrangements in the event of breach," and therefore the lender's liability is "limited to the relatively small additional amount that it would ordinarily cost to get a similar loan from another lender." *Id.* cmt. e.

Because APM did not offer credible evidence that the defendants had reason to foresee when the contract was formed that APM would be unable to obtain alternative financing as a probable result of their breach, the district court properly held that APM was not entitled to damages for lost profits. The fact that the district court's opinion cited to a Texas appellate case as an example of the

application of these general principles does not alter this result. The reasoning in *Basic Capital Management v. Dynex Commercial, Inc.*, 254 S.W.3d 508 (Tex. App. 2008), in no way contradicts existing Arizona precedent or the district court's original order. Moreover, the district court did not rely on that case in making its decision.

APM's other claims are also without merit.

**AFFIRMED**.